**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **GARY DAVIS,** | ) | **CASE NO. 7:17cv00107** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **STEPHEN RAINES,** | ) | **By: Hon. Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendant.** | ) | |

Gary Davis, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant, Stephen Raines, wrongfully detained him and used excessive force against him. The defendant has filed a motion to dismiss arguing that Davis' current claims are barred by res judicata, based on the court's dismissal of his prior lawsuit, Case No. 7:15CV00380. Finding no merit to the defendant's argument, the court will deny the motion to dismiss.

## I.

In brief, Davis alleges that on Saturday, May 31, 2014, he was leaving a store in Franklin County, Virginia, when Raines, an off-duty Henry County police officer, stopped him and prevented him from entering a nearby vehicle. Raines believed that authorities had outstanding arrest warrants for Davis. When Davis refused to cooperate and tried to reenter the store, Raines allegedly slammed the door on his hand and injured him.

In July 2015, Davis filed a pro se civil rights complaint under § 1983 against Raines and others, docketed as Case No. 7:15CV00380. In the initial, conditional filing order, the court notified Davis, among other things: "Plaintiff shall notify the court in writing immediately upon plaintiff's transfer or release and shall provide a new address. FAILURE TO NOTIFY THE

COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THE CASE." (Case No 7:15CV00380, ECF No. 5.) Once Davis consented to pay the filing fee through installments from his inmate trust account, the court advised him that his original complaint did not state the claims he wished to pursue and granted him an opportunity to file an amended complaint, which Davis did. The court liberally construed Davis' amended complaint as alleging the following claims against Raines, seeking monetary damages:[1] (1) Raines violated state law by detaining Davis outside of Henry County; (2) Raines seized Davis in violation of the Fourth Amendment by preventing him from entering the vehicle and by slamming the store's door on Davis' arm to prevent him from entering the store; and (3) Raines' slamming of the door on Davis' hand constituted (a) excessive force under the Fourth Amendment and (b) assault and battery.

Raines filed a motion to dismiss, and Davis responded. By opinion and order dated June 14, 2016, the court denied the motion to dismiss[2] and directed Raines to file a motion for summary judgment within 21 days. (Case No. 7:15CV00380, ECF No. 29.) On June 30, 2016, the copies of the opinion and order that the clerk had mailed to Davis at the jail address he had provided were returned as undeliverable, with no forwarding address. (Case No 7:15CV00380, ECF No. 30). By opinion and order entered July 1, 2016, the court dismissed the civil action without prejudice for failure to prosecute, based on Davis' failure to comply with the court's prior order requiring him to ensure that the court had a current mailing address. See Fed. R. Civ. P. 41(b). The court's opinion also stated: "If Davis wishes to proceed with this action, he may move to reopen the case within 30 days from the entry of the dismissal order, provided that he

---

[1] By separate opinion and order, the court summarily dismissed all claims against the other defendants: the Franklin County Sheriff's Office and the Henry County Sheriff's Office.

[2] Specifically, the court denied the motion as to the federal claims (2) and (3)(a) and denied it without prejudice as to the state law claims (1) and (3)(b).

demonstrates good cause for his failure to update the court with a current address as directed." (Case No 7:15CV00380, ECF No. 30). Davis made no such motion in the time allotted.

On September 15, 2016, the court received a letter from Davis, asking about the status of his case. The clerk's office resent him copies of the dismissal opinion and order. Davis then filed a motion in the closed case, dated September 19, 2016, seeking reinstatement of the case. He stated that he had been released from prison unexpectedly on an unspecified date and "all of the paperwork pertaining to his complaint was lost upon his release." (Case No 7:15CV00380, ECF No. 35.) He also stated that he was "extremely indigent" after his release and believed, in error, that because he was on probation, the prison would forward his mail to "his address of record." (Id.) The court found no basis for reinstatement, stating:

> The court concludes that Davis' motion omits critical facts necessary for him to show good cause for his failure to provide the court with his address "immediately" after his release from confinement. He does not provide the date of his release, preventing the court from calculating the number of weeks or months that he waited before his first inquiry with the court about the status of his case. He also fails to explain how or why he lost his case number and documents, and he states no reason whatsoever that he was unable to mail the court an address update. His belief that the prison would forward his mail to his address of record because of his probation status does not excuse his failure to send that address to the court immediately after his release, as directed. Based on this record, the court cannot find that dismissal of the action for failure to prosecute was erroneous or that reinstatement is warranted.

(Case No 7:15CV00380, ECF No. 42.) For the reasons stated, the court denied Davis' motion to reinstate.

On March 21, 2017, the court received a new pro se § 1983 complaint from Davis, raising the same claims against Raines.[3] (Case No. 7:17CV00107, ECF No. 1.) Raines has waived service of process and filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Davis has responded, making the matter ripe for consideration.

---

[3] The court notes that at the time Davis filed this new and separate civil action, he was again incarcerated and is currently confined at Indian Creek Correctional Center.

II.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  See,

e.g., Bell Atl. Corp. v. Twombly, 553 U.S. 544, 553-63 (2007).  In ruling on such a motion, the

court accepts the factual allegations of the complaint as true, but may also consider facts of

which it properly takes judicial notice.  See Brooks v. Arthur, 626 F.3d 194, 200 (4th Cir.

2010).[4]  In particular, the court may properly take notice of facts from a prior judicial proceeding

to address a defendant's res judicata defense if it does not involve disputed factual issues.  Id.

"Under res judicata, a final judgment on the merits of an action precludes the parties or

their privies from relitigating issues that were or could have been raised in that action."

Cromwell v. Cnty. of Sac, 94 U.S. 351, 597 (1948).  The doctrine of

> res judicata serves as a bar to a subsequent litigation only when the prior
> judgment was returned by a court of competent jurisdiction, when the prior
> judgment was a final judgment on the merits, when the same parties and their
> privies are involved in both suits, when the two actions are based on the same
> issues and material facts and when the two proceedings present the same cause of
> action.

United States v. Mumford, 630 F.2d 1023, 1027 (4th Cir. 1980).

Rule 41(b) provides that a defendant may move for dismissal of a civil action for the

plaintiff's failure to prosecute or comply with court orders or applicable civil rules.  "Unless the

court in its order for dismissal  otherwise specifies, a dismissal under [under Rule 41(b)] and any

dismissal not provided for in this rule . . . operates as an adjudication upon the merits" except in

limited circumstances not present in Davis' case.  Fed. R. Civ. P. 41(b).  In other settings, courts

have held that for res judicata purposes, a prior judgment that does not address the merits of the

underlying claims, but dismisses the action with prejudice "is a complete adjudication of the

---

[4]  The court has, throughout this opinion, omitted internal quotation marks, alterations, and citations.

issues presented by the pleadings and is a bar to a further action between the parties." <u>Harrison v. Edison Bros. Apparel Stores, Inc.</u>, 924 F.2d 530, 534 (4th Cir. 1991).

Conversely, however, a dismissal without prejudice "operates to leave the parties as if no action had been brought at all." <u>Dove v. CODESCO</u>, 569 F.2d 807, 809 n. 3 (4th Cir. 1978). Dismissal without prejudice does not support a subsequent <u>res judicata</u> challenge. <u>See</u>, <u>e.g.</u>, <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 396 (1990) ("[D]ismissal . . . without prejudice is a dismissal that does not operat[e] as an adjudication upon the merits under Rule 41(a)(1), and thus does not have a res judicata effect."); <u>Lynk v. LaPorte Superior Court No. 2</u>, 789 F.2d 554, 566 (7th Cir. 1984) ("by definition," neither <u>res judicata</u> nor <u>collateral</u> <u>estoppel</u> arise from a dismissal without prejudice). Whether to dismiss an action with or without prejudice is ordinarily within the court's discretion. <u>Carter v. Norfolk Comm. Hosp. Ass'n</u>, 761 F.2d 970, 974 (4th Cir. 1985).

Raines argues that Davis is barred by <u>res judicata</u> from litigating his current claims against Raines, based on the dismissal of Davis' prior § 1983 action raising the same claims. Specifically, Raines contends: "The Judgment of December 8, 2016, was also a final judgment on the merits pursuant to Rule 41(b)" because it "entered a dismissal but did not state that the dismissal was without prejudice." Mem. Supp. Mot. Dism. 5, ECF No. 14 (citing <u>Nagle v. Lee</u>, 807 F.2d 435, 437 (5th Cir. 1987) (holding that federal court's failure to state in dismissal order that dismissal is "with prejudice" does not prevent that dismissal from being an adjudication on the merits, and thus dismissal with prejudice).

The record does not support this defense argument. The docket in the prior case reflects only one dismissal order, entered on July 1, 2016, and that order states: "this action is **DISMISSED without prejudice,** pursuant to Fed. R. Civ. P. 41(b)." (Case No. 7:15CV00380,

ECF No. 32.)  In the accompanying memorandum opinion, the court advised Davis that he could resume pursuing his claims in Case No. 7:15CV00380 if he filed a motion to do so within 30 days and provided good reasons for his failure to update his mailing address.  Davis allowed this time period to pass, however.  Two and a half months after the dismissal, Davis filed a motion in the closed case, asking for reinstatement of Case No. 7:15CV00380 in order to pursue his claims against Raines.  The court denied that motion by order entered December 8, 2016, and the case remained dismissed without prejudice.  In no respect did the December 8 order reopen Case No. 7:15CV00380 or change the court's July 1 dismissal order from dismissal of Davis' claims "without prejudice" to dismissal of those claims "with prejudice."  The July 1, 2016, order dismissing Case No. 7:15CV00380 without prejudice had no res judicata effect.  Cooter, 496 U.S. at 396.  Rather, it left Davis free to pursue his claims against Raines in a new and separate civil action "as if no [prior] action had been brought at all."  Dove, 569 F.2d at 809 n. 3.

III.

For the reasons stated, the court concludes that defendant's motion to dismiss must be denied.  If he files no motion for summary judgment within 30 days from entry of this order, the matter shall be set for trial.  An appropriate order will issue this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER:  This 11th day of December, 2017.

/s/  Glen E. Conrad<br>Senior United States District Judge